**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN THORSTENSON, | No. 20-70211 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| U.S. DEPARTMENT OF LABOR, | |
| Respondent, | |
| BNSF RAILWAY COMPANY, | |
| Intervenor. | |

On Petition for Review of an Order of the
Department of Labor

Argued and Submitted December 8, 2020
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,[**]
District Judge.

Petitioner Stephen Thorstenson challenges the final decision and order of

Respondent U.S. Department of Labor's Administrative Review Board ("ARB")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

upholding an Administrative Law Judge ruling denying Thorstenson relief in his action alleging that Intervenor BNSF Railway Co. ("BNSF") retaliated against him in violation of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §§ 20101 et seq. We have jurisdiction under 49 U.S.C. § 20109(d)(4). We reverse and remand.

The ARB's decision erred in two respects. First, the ARB rejected Thorstenson's contention that BNSF's enforcement of its timely injury reporting policy was so unreasonable and unduly burdensome that it constituted retaliation when enforced on these facts. Notifying the railroad carrier of a work-related personal injury is an enumerated protected activity under the FRSA. *See* 49 U.S.C. § 20109(a)(4). A violation to the FRSA occurs where, as here, an employee is disciplined for failure to comply with a railroad carrier's time or manner reporting rule even though its requirements could not reasonably be met. The following circumstances made it virtually impossible for Thorstenson to know he had experienced a new injury in time to comply with BNSF's 72-hour reporting rule: the injury presented as an aggravation to an existing injury which Thorstenson had already reported, his injury did not require him to miss work until after the 72-hour period had expired, and a medical expert examining him within the 72-hour period did not identify his symptoms as a new injury or take him off work. The fact that BNSF staff, including Thorstenson's supervisor, initially did not know that

2                                                                              20-70211

Thorstenson's symptoms required him to file a new injury report further underscores the unreasonableness of expecting Thorstenson to have known he was required to file such a report and disciplining him because he did not. Accordingly, because it was virtually impossible for Thorstenson to comply with the injury reporting rule, he was effectively disciplined for the protected activity of reporting a workplace injury.

Second, the ARB imposed a new burden of proof for causation under which FRSA claimants must demonstrate that the protected activity was a proximate cause of the adverse action. A proximate cause standard is inconsistent with this circuit's law regarding the requirements of the FRSA, which requires plaintiffs to prove only that their protected conduct was a "'factor, which alone or in connection with other factors, tended[ed] to affect in any way the outcome of the decision.'" *Frost v. BNSF Ry. Co.*, 914 F.3d 1189, 1195 (9th Cir. 2019) (quoting *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 461 (9th Cir. 2018); *cf. CSX Transp., Inc. v. McBride*, 564 U.S. 685, 694 (2011) ("[The Federal Employers' Liability Act] . . . did not incorporate any traditional common-law formulation of proximate causation . . . . Whether the railroad's negligent act was the immediate reason for the [injury] . . . was an irrelevant consideration." (internal quotation marks and alterations omitted)).

Accordingly, we reverse and remand to the ARB for further proceedings

consistent with this disposition.

**REVERSED and REMANDED.**